```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    For Online Publication Only
HOLBROOK REALTY, LLC,

                        Plaintiff,

        -against-                                                    ORDER
                                                                     18-CV-1005 (JMA) (SIL)
PEERLESS INSURANCE COMPANY,
A&R YOGURT, INC., S.A., *an infant by his
Mother and natural guardian, Diane Angelis*,
DIANE ANGELIS, *individually*, and
T. YOUNG'S PAVING, LLC,

                        Defendants.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On January 23, 2018, plaintiff Holbrook Realty, LLC ("Plaintiff") commenced this action against defendant Peerless Insurance Company ("Defendant") in Suffolk County Supreme Court seeking a declaratory judgment that Defendant is obligated to provide liability insurance to Plaintiff in connection with an underlying personal injury lawsuit.[1]  On February 15, 2018, Defendant removed this case to the Eastern District of New York. (ECF No. 1.)  On October 4, 2018, Plaintiff moved for summary judgment and Defendant moved to dismiss the complaint. (ECF Nos. 18, 22.)  On May 6, 2019, the Court referred these motions to Magistrate Judge Steven I. Locke for a Report and Recommendation ("R&R").

On August 5, 2019, Judge Locke issued an R&R recommending that (1) Defendant's motion to dismiss be denied, and (2) Plaintiff's motion for summary judgment be granted in part and denied in part. (ECF No. 27.)  Specifically, Judge Locke recommended that a declaratory judgment requiring Defendant to defend Plaintiff in the underlying personal injury lawsuit be entered, but that a declaratory judgment concerning indemnification not be entered at this time.

---

[1] A&R Yogurt, Inc., S.A., Diane Angelis, and T. Young's Paving, LLC, are interested parties named in this action, but Plaintiff does not assert any claims against them in its complaint.

On August 19, 2019, Defendant filed its objections to Judge Locke's R&R. (ECF No. 28.) On August 29, 2019, Plaintiff filed a memorandum in opposition to Defendant's objections to the R&R. (ECF No. 29.) On September 4, 2019, Defendant filed another memorandum in support of its objections to Judge Locke's R&R. (ECF No. 30.) Having reviewed the entire record and applicable law, I adopt Judge Locke's R&R in its entirety.

In reviewing a magistrate judge's R&R, the Court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); see Brown v. Ebert, No. 05-CV-5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of an R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a de novo review of the record, the R&R, and the instant objections, and I agree with Judge Locke's R&R and adopt it as the opinion of this Court. Accordingly, Defendant's motion to dismiss is DENIED and Plaintiffs' motion for summary judgment is GRANTED in part and DENIED in part. A declaratory judgment requiring Defendant to defend Plaintiff in the underlying personal injury lawsuit shall be entered. A declaratory judgment concerning indemnification, however, is premature at this time.

**SO ORDERED.**

Dated: September 30, 2019
Central Islip, New York

                                                /s/ (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE